## C. E. WICKMAN v. MIKE HOLM.[1]

January 15, 1926.

No. 25,213.

**Registration of motor busses running between Duluth and Superior.**

Motor busses, carrying passengers for hire from the business center of the city of Superior, Wisconsin, to the business center of the city of Duluth, Minnesota, are not subject to a tax of 10 per cent of value under G. S. 1923, §§ 2672-2678.

Motor Vehicles, 28 Cyc. p. 33 n. 72.

[1] Reported in 206 N. W. 705.

Upon the relation of C. E. Wickman the district court for Ramsey county granted its alternative writ of mandamus to compel Mike Holm, as registrar of motor vehicles, to issue to relator motor vehicle registration certificates for the year 1925. The writ was discharged, Hanft, J., and relator appealed. Reversed and remanded.

*Washburn, Bailey & Mitchell,* for relator.

*Clifford L. Hilton,* Attorney General, and *Ernest C. Carman,* Assistant Attorney General, for respondent.

QUINN, J.

The territory comprising the cities of Duluth, Minnesota, and Superior, Wisconsin, is contiguous, the St. Louis river forming the boundary between the two cities as well as the boundary line between the two states. There is an interstate bridge over the river which connects the two cities, the southern approach to this bridge being in the city of Superior, and the northern approach in the city of Duluth. Motor vehicles operating between the two cities pass over this bridge, and going north follow a route wholly within the city of Duluth until it reaches the business center of the city. The petitioner was and is a resident of the city of Duluth. Defendant Mike Holm is the registrar of motor vehicles in the state of Minnesota, and as such is charged with the duty of collecting motor vehicle taxes and the issuing of registration certificates to the owners thereof, under the provisions of L. 1923, p. 596, c. 418, particularly section 6 thereof. (G. S. 1923, §§ 2672-2678.)

Applicant owned 5 motor vehicles used solely for the purpose of carrying passengers for hire between points within the two cities above named. He held licenses to so operate the same from the state of Wisconsin and from the two cities. On April 11, 1923, he made application to the defendant, in due form, for the registration of such vehicles in the state of Minnesota, and at the same time paid to him the sum of $724.36, the same being 2¾ per cent of the value of the vehicles. The defendant refused to register the vehicles unless appellant pay a tax of 10 per cent of the value. This action was then brought and mandamus issued to compel the regis-

tration. The trial court sustained the registrar and this appeal followed.

In such carrying of passengers, the vehicles were and are operated exclusively over and along one route between the business centers of the two cities and a charge of 25 cents each way is made for each passenger. In proceeding north from Superior, the vehicles cross the bridge and continue north on one course or line to the business center of Duluth, the end of the trip. The vehicles do not use the Minnesota highways at any point outside of the city of Duluth. The right of the state to lay a tax against the vehicles, upon the same basis as other property similarly used, is not questioned in this proceeding.

The act provides for the registration of motor vehicles generally and for a tax of 2¾ per cent of the value thereon. That the value of the vehicle, coupled with the use of the highways of the state thereby, was steadily adhered to by the legislature, is apparent from a reading of the entire act. The act provides that all motor passenger vehicles, such as busses, shall pay a tax of 2¾ per cent of value, except those which are not operated wholly within the limits of the same city, village or borough, which shall pay a tax of 10 per cent of value. The proceeds of all such taxes shall be covered into the state treasury and credited to a fund for the construction and maintenance of the state highways. It is provided that, upon payment of such tax, registration certificate and license number plate shall issue to the owner which enables him to legally operate the vehicle. It is manifest that the legislative intent was to deal with such vehicles and their use of the highways of this state, without regard to whether they use the highways of another state or not, the main purpose of the act being to fix a proper tax, commensurate with the use of the highways of this state by such vehicle.

We are of the opinion that the registrar used the wrong basis for the calculation of the tax. These busses operated between the cities of Duluth and Superior; Superior is no part of Minnesota. So far as Minnesota is concerned, these busses were operated wholly within the city of Duluth, using only the highways of that city. Under L. 1923, p. 598, c. 418, § 3, these vehicles were subject to a

tax of 2¾ per cent only, the same rate applicable to motor vehicles of the same character operated wholly within the limits of the same city.

We are of the opinion and hold that the vehicles in question were not engaged in carrying passengers for hire between points not wholly within the limits of the same city, within the meaning of the act and therefore were not subject to the 10 per cent tax and that the registration should have been made.

Reversed and remanded.